IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ROBERT GIBSON,
      Plaintiff,

vs.                                  Case No.:  5:07cv255/RS/EMT

DEP'T OF CORRECTIONS, et al.,
      Defendants.
_____/

## ORDER

      Plaintiff, an inmate of the Florida Department of Corrections (DOC) proceeding pro se, has filed a Petition for Leave to File a 42 U.S.C. 1983 Civil Rights Complaint (Doc. 1).  In his motion, Plaintiff states he is incarcerated at the Jackson Correctional Institution (JCI) (*id*. at 1).  He alleges he is chronically ill, and prison officials are interfering with his medical treatment (*id*. at 2).  He also alleges that unnamed correctional officers have threatened him with confinement if he mentions their names in administrative grievances, and the warden at JCI knowingly allows officers to retaliate against inmates for filing grievances (*id*.).  Plaintiff requests that the court allow him to file a civil rights complaint under 42 U.S.C. § 1983 (*id*.).

      Initially, Plaintiff is advised that he does not need permission from the court to initiate a civil rights action.  Additionally, he cannot commence a civil action by filing a motion.  Rule 3 of the Federal Rules of Civil Procedure provides that a civil action is commenced by filing a complaint.  Therefore, if Plaintiff wishes to initiate a civil action under 42 U.S.C. § 1983, he must file a complaint.  Furthermore, because Plaintiff is proceeding pro se, he must use the court-approved form for filing his complaint.  Local Rule 5.1(J) for the Northern District of Florida states that the court will not accept for consideration a complaint under section 1983 unless the appropriate complaint form is completed.  Thus, Plaintiff must file his complaint on the form for use in section 1983 cases.

Additionally, the court notes that Plaintiff names several different John and Jane Doe defendants.  It is incumbent upon Plaintiff to ascertain the identity of the John and Jane Does, either by name, description, or shift so that they may be served.  While the use of John Doe defendants is permissible, Plaintiff must first seek to determine the identity of each person before the court will direct service upon them.  Then John Doe may be used if needed, but Plaintiff must describe as fully as possible any unknown defendants by stating what shift or shifts they work and by further describing his or her appearance.  If a John Doe cannot be identified sufficiently in order to summon that individual to appear, dismissal of that defendant from the action will be warranted.

In completing the complaint form, Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as Defendants only those persons who are responsible for the alleged constitutional violations.  Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Parties" section of the form.  In the statement of facts, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts.  If Plaintiff cannot state exactly how a particular Defendant harmed him, he should delete or drop that person as a Defendant from his complaint.  Plaintiff's request for relief should be limited to only that which he could recover if he succeeds on his claims.

Finally, the court notes that Plaintiff has not paid the filing fee or filed a motion to proceed in forma pauperis.  Before this matter may proceed, Plaintiff must either pay the fee or obtain leave to proceed in forma pauperis by filing a fully and properly completed motion and attachments.

Accordingly, it is **ORDERED**:

1.      The clerk shall send to Plaintiff a motion to proceed in forma pauperis and a prisoner consent form and financial certificate approved for use in the Northern District.  Additionally, the clerk shall send Plaintiff a complaint form for use by prisoners in section 1983 actions.  This case number should be written on the forms.

2.      Plaintiff's Petition for Leave to File a 42 U.S.C. 1983 Civil Rights Complaint (Doc. 1) is **DENIED as unnecessary**.  If Plaintiff wishes to initiate a civil rights action, he may do so by filing a complaint; he does not need permission from the court to do so.

Case No.: 5:07cv255/RS/EMT

3.      Within **THIRTY (30) DAYS** from the date of docketing of this order, Plaintiff shall (1) pay the filing fee of $350.00, or (2) submit a fully completed motion to proceed in forma pauperis with the requisite prisoner consent form and financial certificate, including an attached computer printout of the transactions in his prison account.  Additionally within that time, Plaintiff shall file a civil rights complaint, which shall be typed or clearly written and submitted on the court form.

4.      Failure to comply with this order as instructed may result in a recommendation that this case be dismissed for failure to comply with an order of the court.

**DONE AND ORDERED** this 30th day of October 2007.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**